[Sac. No. 7854. In Bank. June 30, 1970.]

ASCENCION LAREZ et al., Plaintiffs and Respondents, v.
SAMUEL SHANNON et al., Defendants and Appellants.

## COUNSEL

Edward F. Buckner, County Counsel, for Defendants and Appellants.

Wilson, Jones, Morton & Lynch, Ernest A. Wilson, Pillsbury, Madison & Sutro, Francis R. Kirkham, Francis N. Marshall and Noble K. Gregory as Amici Curiae on behalf of Defendants and Appellants.

Blackmon, Isenberg & Moulds and John F. Moulds III for Plaintiffs and Respondents.

Paul N. Halvonik and Charles C. Marson as Amici Curiae on behalf of Plaintiffs and Respondents.

## OPINION

SULLIVAN, J.—This case presents the question of whether former article XI, section 18, now article XIII, section 40 of the California Constitution (see *Westbrook* v. *Mihaly, ante,* pp. 765, 772, fn. 1 [87 Cal.Rptr. 839, 471 P.2d 487], for an explanation of the renumbering of the constitutional provision here involved and of our reasons for our reference thereto under its former numbering), which authorizes the issuance of general obligation bonds by school districts only upon the assent of two-thirds of the qualified and voting electors, violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Section 18 provides, in pertinent part, "No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, . . ."

Plaintiffs Ascencion Larez, Angie Castillo and Nacho Castillo are residents of and registered voters in the Yuba City Unified School District and parents of children attending district schools. Each voted, at an election held in May 1969, in favor of a bond proposition which sought authorization to incur a bonded indebtedness of $4,750,000 to finance new school construction. The proposition received the votes of a majority of those participating (57 percent) but less than two-thirds required by section 18. Defendants (members of the district board of education) refused to certify that the bonds had been approved, relying on the constitutional extraordinary majority provision.

Plaintiffs then instituted this proceeding in the court below contending that the two-thirds requirement violated their right to equal protection, and sought a writ of mandate to compel defendants to certify that the bonds at issue herein were duly approved. The parties stipulated to the facts as set forth above and stipulated also that some of plaintiff's children will continue to be subjected to "double sessions" at district schools and will receive an inadequate education which will not prepare them effectively for their future lives unless the bonds, approved by a majority of the voters, are so certified.

The trial court concluded that the two-thirds requirement of article XI, section 18 dilutes and debases the votes of those who approve bond propositions and that, therefore, the provision violated the equal protection clause of the Fourteenth Amendment. On September 5, 1969, the trial court entered judgment ordering that a peremptory writ of mandate issue commanding defendants to certify that the school bonds voted upon at the May election were duly approved by the voters and were ready for sale.

The board members appealed from the judgment to the Court of Appeal, Third District. We ordered the appeal transferred to this court.

The issue in this case, as in the others with which it has been consolidated for argument,[1] is the compatibility of California's extraordinary majority vote requirement for local government bond issues with the equal protection clause. The position taken by plaintiffs herein is virtually identical to that of petitioners in the lead case of *Westbrook* v. *Mihaly, ante,* p. 765 [87 Cal.Rptr. 839, 471 P.2d 487]. In brief, they contend that the two-thirds vote rule gives disproportionate weight to negative votes and thereby "dilutes" the voting power of those in favor of bond propositions. They rely upon (1) the "one man, one vote" principle established in *Gray* v. *Sanders* (1963) 372 U.S. 368 [9 L.Ed.2d 821, 83 S.Ct. 801] and *Reynolds* v. *Sims* (1964) 377 U.S. 533 [12 L.Ed.2d 506, 84 S.Ct. 1362] and applied to local government agencies by *Avery* v. *Midland County* (1968) 390 U.S. 474 [20 L.Ed.2d 45, 88 S.Ct. 1114]; and (2) the constitutional requirement that state voter qualification laws justify their exclusion from voting by demonstrating that they are necessary to achieve a compelling state interest. (*Kramer* v. *Union Free School Dist.* (1969) 395 U.S. 621 [23

---

[1]*Westbrook* v. *Mihaly* (S.F. 22706) *ante,* p. 765 [87 Cal.Rptr. 839, 471 P.2d 487] and *Adams* v. *Mihaly* (S.F. 22707) *ante,* p. 765 [87 Cal.Rptr. 839, 471 P.2d 487]; *Alhambra City School Dist.* v. *Mize* (L.A. 29706) *ante,* p. 806 [87 Cal.Rptr. 867, 471 P.2d 515]; *Alhambra City High School Dist.* v. *Mize* (L.A. 29707) *ante,* p. 806 [87 Cal.Rptr. 867, 471 P.2d 515]; *Pasadena Unified School Dist.* v. *Mize* (L.A. 29708) *ante,* p. 806 [87 Cal.Rptr. 867, 471 P.2d 515] and *Rosemead School Dist.* v. *Mize* (L.A. 29709) *ante,* p. 806 [87 Cal.Rptr. 867, 471 P.2d 515] and *Foytik* v. *Aronson* (Sac. 7855) *post,* p. 818 [87 Cal.Rptr. 873, 471 P.2d 521].

L.Ed.2d 583, 89 S.Ct. 1886]; *Cipriano* v. *City of Houma* (1969) 395 U.S. 701 [23 L.Ed.2d 637, 89 S.Ct. 1897].)

Defendants' arguments are very similar to those in *Westbrook,* as well. They argue that the reapportionment cases are factually distinguishable and should be confined to their facts. They assert that since there is no absolute denial of the franchise the test applied in *Kramer* and *Cipriano* is inapposite and that we should judge the two-thirds requirement as we would an economic regulation challenged on equal protection grounds. Although conceding that the reasons for which the provision was adopted no longer exist, they argue that since there is no discrimination on racial, economic or religious ground we should leave any change to the people of the state through the amendment process.

In *Westbrook* v. *Mihaly, supra, ante,* p. 765, filed this day, we hold that those portions of the constitutional provision engaging our attention (i.e., former art. XI, § 18, now renumbered as art. XIII, § 40), Government Code section 43614, and Education Code section 21754 which require that general obligation bond proposals of counties, cities and school districts be approved by a two-thirds majority of the voters in a popular referendum violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. We further hold that our decision be given prospective effect only and that, accordingly, affirmative relief be denied. The issues involved herein are identical to those resolved in *Westbrook* and our decision there is, therefore, fully dispositive of the instant case.

The judgment issuing the peremptory writ is reversed and the cause is remanded to the trial court with directions to amend the findings of fact and conclusions of law and to enter judgment discharging the alternative write of mandate and denying the petition for a peremptory writ, in conformity with the views herein expressed.

The plaintiffs shall recover costs on appeal.

Wright, C. J., McComb, J., Tobriner, J., and Schauer, J.,* concurred.

**MOSK, J.**—I concur in the conclusion that the two-thirds majority requirement violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, but I dissent from the denial of relief to these plaintiffs, for the reasons discussed in my concurring and dissenting opinion in *Westbrook* v. *Mihaly, ante,* p. 765 [87 Cal.Rptr. 839, 471 P.2d 487].

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

This case, as indicated by the majority opinion, presents the same legal attributes of *Westbrook* and the other cases in the series. It differs, however, in one significant respect: this is not an original petition for an extraordinary writ; it is a direct appeal from a trial court judgment. Here the trial court, relying upon the Fourteenth Amendment to the Constitution, ordered a peremptory writ of mandate to issue and commanded the defendants to certify that the school bonds were approved and ready for sale.

With a singular approach, the majority adopt the precise constitutional interpretation of the learned trial judge, agree with him fully—and reverse his judgment! The only solace to me is that mine is not the responsibility of attempting to explain this incomprehensible result to the lay members of the Yuba City Unified School District community.

I would affirm the judgment. Mr. Justice Peters has authorized me to say he would also affirm the judgment.