[Sac. No. 7855. In Bank. June 30, 1970.]

JERRY FOYTIK et al., Petitioners, v.
RALPH A. ARONSON, as Mayor, etc., et al., Respondents.

**COUNSEL**

Blackmon, Isenberg & Moulds and John F. Moulds III for Petitioners.

McGahan & Callaway and James A. Callaway, Jr., for Respondents.

Wilson, Jones, Morton & Lynch and Ernest A. Wilson as Amici Curiae on behalf of Respondents.

## OPINION

**SULLIVAN, J.**—This case presents the question of the constitutional validity of the extraordinary majority requirement of former article XI, section 18, now article XIII, section 40 of the California Constitution (see *Westbrook v. Mihaly, ante,* pp. 765, 772, fn. 1 [87 Cal.Rptr. 839, 471 P.2d 487], for an explanation of the renumbering of the constitutional provision here involved and of our reasons for our reference thereto under its former numbering). Section 18 provides, in pertinent part, as follows: "No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, . . ."

Petitioners are registered voters of, taxpayers to and parents of children attending public schools in the City of Davis. Each voted in favor of three municipal bond propositions submitted to the voters of that city at an election held in October 1969. All three propositions received a majority of the votes cast but less than the two-thirds majority required by article XI, section 18.[1]

Respondent Aronson is the Mayor of the City of Davis. Respondents Aronson, Asmundson, Miller, Skinner, and Woodbury are members of the Davis City Council. Respondent Reese is Manager and City Clerk of Davis.

At city council meetings held subsequent to the election and official canvass of the vote, petitioners demanded of the respondent members of the council that they declare that the bonds described above (fn. 1, *ante*) had been duly approved by the voters and that they authorize the issuance of the bonds. Respondents refused.[2]

---

[1]A bond proposal for $1,700,000 to purchase a site owned by the school district received 54 percent affirmative votes; a proposal for $420,000 to purchase and develop a neighborhood park received 63 percent affirmative votes; and a bond proposal for $150,800 to construct a municipal swimming pool received 64 percent affirmative votes.

[2]Petitioners allege that this refusal was based on the failure of the bonds to receive the two-thirds affirmative vote required by section 18. In their supplemental memorandum of points and authorities, petitioners include two declarations under oath, one of petitioner Foytik and one of Gerald Adler, a member of the faculty at the School of Law, University of California at Davis. Both declarations state that at the council

Petitioners then initiated this proceeding contending that they are entitled to have the bonds issued since to do otherwise would debase and dilute their votes in violation of the equal protection clause. They seek: (1) a declaration that the two-thirds majority requirement of article XI, section 18 contravenes section 1 of the Fourteenth Amendment to the United States Constitution; and (2) a peremptory writ of mandate commanding respondents to do all things necessary and proper to issue and sell the bonds. We issued an alternative writ to which respondents have made return by answer.

Petitioners' position on the issue of the constitutionality of the extraordinary majority requirement contained in article XI, section 18 is basically identical to the positions taken by petitioners in the companion cases with which this case was consolidated for argument.[3] Respondents, on the other hand, have taken no position with respect to the constitutionality of the two-thirds requirement. Instead, they contend that the remedy of mandamus, which petitioners seek, is improper. They point out that mandamus may issue only to compel the performance of an official duty which is "clear, present, and ministerial" (*County of Sacramento v. Hickman* (1967) 66 Cal.2d 841, 845 [59 Cal.Rptr. 609, 428 P.2d 593]) and assert that there is no present ministerial duty imposed by law upon any respondent. Hence, they argue that even if we determine that the extraordinary majority requirement of article XI, section 18 is unconstitutional, we should refuse to issue the writ for which petitioners pray.[4] As will presently appear, we need not reach this issue.

In *Westbrook* v. *Mihaly, supra, ante,* p. 765, filed this date, we hold that those portions of the constitutional provision engaging our attention (i.e., former art. XI, § 18, now renumbered as art. XIII, § 40), Government Code section 43614, and Education Code section 21754 which require that general obligation bond proposals of counties, cities and school districts be approved by a two-thirds

---

meetings at which the bonds were discussed and the demands for their issuance made, respondents' refusal was on the advice of their counsel to the effect that they could avoid litigation by refusing to take action. The declarations further state that no reason for refusing to issue the bonds was raised or discussed other than the failure to receive a two-thirds vote. Respondents deny none of these allegations.

[3]*Westbrook* v. *Mihaly* (S.F. 22706) and *Adams* v. *Mihaly* (S.F. 22707) *ante,* p. 765 [87 Cal.Rptr. 839, 471 P.2d 487]; *Alhambra City School Dist.* v. *Mize* (L.A. 29706), *Alhambra City High School Dist.* v. *Mize* (L.A. 29707), *Pasadena Unified School Dist.* v. *Mize* (L.A. 29708), and *Rosemead School Dist.* v. *Mize* (L.A. 29709) *ante,* p. 806 [87 Cal.Rptr. 867, 471 P.2d 515]; and *Larez* v. *Shannon* (Sac. 7854) *ante,* p. 813 [87 Cal.Rptr. 871, 471 P.2d 519].

[4]They contend that, at most, we should direct that they reconsider the matter of adopting an ordinance or resolution authorizing the issuance of the subject bonds in light of our determination of the constitutional issue.

majority of the voters in a popular referendum violate the equal protection clause of the Fourteenth Amendment to the United States Constitution. We further hold that our decision be given prospective effect only and that, accordingly, affirmative relief be denied. The issues involved herein are identical to those resolved in *Westbrook* and our decision there is, therefore, fully dispositive of the instant case.

The alternative writ of mandate is discharged and the petition for a peremptory writ is denied.

Wright, C.J., McComb, J., Tobriner, J., and Schauer, J.,* concurred.

**MOSK, J.**—I concur in the conclusion that the two-thirds majority requirement violates the equal protection clause of the Fourteenth Amendment to the United States Constitution, but I dissent from the denial of relief to these petitioners, for the reasons discussed in my concurring and dissenting opinion in *Westbrook* v. *Mihaly, ante,* page 765 [87 Cal.Rptr. 839, 471 P.2d 487].

I would issue the peremptory writ of mandate. Mr. Justice Peters has authorized me to say he would also issue the writ.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.